# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDIRA YERRAMSETTY,<br><br>        Plaintiff,<br>v.<br><br>DUNKIN' DONUTS NORTHEAST, INC., et al.,<br><br>        Defendants. | Civil Action<br><br>2:17-CV-5673-SDW-SCM<br><br>**OPINION AND ORDER**<br><br>**[D.E. 11]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Defendants Dunkin' Donuts Northeast, Inc., (hereinafter "Dunkin' Donuts Northeast"), Kris-Way Truck Leasing, Inc. (hereinafter "Kris-Way"), and Dennis Lillard's (hereinafter "Mr. Lillard") Motion to Dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer venue to the District of Maine.[1] The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the undersigned for disposition in accordance with Local Civil Rule 72.1(a)(1).[2] For the reasons set forth herein,[3] the Court **GRANTS** Defendants' Motion to Transfer Venue.

---

[1] (ECF Docket Entry ("D.E.") 11, Defs.' Mot. to Dismiss). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] *See* L. Civ. R. 72.1(a)(1).

[3] *See* 28 U.S.C. § 1406.

I.      **BACKGROUND AND PROCEDURAL HISTORY**[4]

This is a personal injury action brought on the grounds of diversity jurisdiction. Plaintiff Indira Yerramsetty (hereinafter "Ms. Yerramsetty"), a New Jersey resident,[5] alleges that on October 28, 2010, Mr. Lillard, a Dunkin' Donuts Northeast employee, negligently rear-ended her car while driving a truck on interstate I-95, in or near the town of Saco, Maine.[6] The truck contained goods belonging to Dunkin' Donuts Northeast and Mr. Lillard was delivering it to various retail outlets.[7]

Mr. Lillard is a Maine citizen.[8] Kris-Way owned and leased the subject truck to Dunkin' Donuts Northeast.[9] Kris-Way is a Maine corporation with its principal place of business in South Portland, Maine.[10] It maintains facilities in Maine and New Hampshire, but does not own, lease, maintain, or operate any properties or facilities in New Jersey, and it does not conduct business in New Jersey.[11] At the time of the accident, Dunkin' Donuts Northeast was a cooperative made up of Dunkin' Donut Franchisee owners in New England and Upstate New York with its principal place of business in Massachusetts.[12] The geographic area it covered back in 2010 included Maine,

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 1, Compl., at ¶¶ 7–11, 15).

[6] *Id.*

[7] (D.E. 1, Compl., at ¶ 9).

[8] (D.E. 1, Compl., at ¶ 5; D.E. 11, Ex. C, Ditmars' Cert., at ¶ 7).

[9] (D.E. 1, Compl., at ¶ 8).

[10] (D.E. 11, Ex. B, Keefer's Cert., at ¶ 3).

[11] (D.E. 11, Ex. B, Keefer's Cert., at ¶¶ 3–4).

[12] (D.E. 1, Compl., at ¶ 3; D.E. 11, Ex. C, Ditmars' Cert., at ¶ 2–3).

Vermont, New Hampshire, Massachusetts, Rhode Island, Connecticut, and Upstate New York.[13] Dunkin' Donuts Northeast did not conduct business in New Jersey and did not own, lease, maintain or operate any properties or facilities in New Jersey.[14]

On May 8, 2018, Dunkin' Donuts Northeast filed a motion to dismiss or in the alternative to transfer venue.[15] Dunkin' Donuts Northeast argues that venue in this district is improper because none of the defendants reside in New Jersey and none of the events giving rise to this claim occurred in New Jersey.[16] Ms. Yerramsetty contends that venue is proper because she resides in New Jersey, and all her potential witnesses and experts are New Jersey residents.[17]

## II.   MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[18] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[19] Motions to transfer are non-dispositive.[20] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[21]

---

[13] (D.E. 11, Defs.' Br., Ex. C, Ditmars' Cert., at ¶ 3).

[14] (D.E. 11, Defs.' Br., Ex. C, Ditmars' Cert., at ¶ 4).

[15] (D.E. 11, Defs.' Br.).

[16] (D.E. 11, Defs.' Br., at 6).

[17] (D.E. 15, Pl.'s Br., at 4).

[18] 28 U.S.C. § 636(b)(1)(A).

[19] *See* L. Civ. R. 72.1(a)(1).

[20] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[21] 28 U.S.C. § 636(b)(1)(A); *Marks v. Struble*, 347 F.Supp. 2d 136, 149 (D.N.J. 2004).

3

**III.     ANALYSIS AND DISCUSSION**

Transfers of venue under Section 1404(a) are "discretionary determinations made for the convenience of the parties."[22] Because Section 1404(a) comes into play "where both the original and the requested venue are proper,"[23] the threshold question in determining the appropriateness of transferring a case under Section 1404(a) is whether the original venue is proper. If the original venue is improper, courts may transfer the case to a proper venue under Section 1406 if the "interest of justice" requires transfer rather than dismissal for improper venue.[24]

Section 1391(b) governs where venue is proper and states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[25]

For the reasons set forth herein, the Court finds that venue is not proper in the District of New Jersey under Section 1391(b).

---

[22] *Lafferty v. Riel*, 495 F.3d 72, 77 (3d Cir. 2007).

[23] *Jumara v. State Farms Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

[24] *See, e.g.*, *Lafferty*, at 75; *see also* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[25] 28 U.S.C. § 1391(b).

## A. Venue under Section 1391(b)(1)

Under Section 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[26] Venue is not proper in the District of New Jersey under Section 1391(b)(1) because Mr. Lillard, Kris-Way, and Dunkin' Donuts Northeast do not reside in New Jersey. Mr. Lillard resides in Maine and Kris-Way and Dunkin' Donuts Northeast are not deemed to reside in New Jersey under the venue statute, 28 U.S.C. 1391(c)(2).[27] For purposes of venue, an entity with the capacity to sue has residency "in any judicial district which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[28] Because the Court concludes that it does not have general or specific jurisdiction over Kris-Way and Dunkin' Donuts Northeast in New Jersey, Section 1391(b)(1) does not operate to confer venue here.

The Court does not find that it has general jurisdiction over Kris-Way and Dunkin' Donuts Northeast because their affiliations with New Jersey are not "continuous and systematic as to render them essentially at home" in New Jersey.[29] The geographic area that Dunkin' Donuts Northeast covered included seven states in the northeast but did not include New Jersey. Neither Kris-Way nor Dunkin' Donuts Northeast is incorporated in New Jersey, nor does either entity have its principal place of business in New Jersey.

---

[26] 28 U.S.C. § 1391(b)(1).

[27] 28 U.S.C. § 1391(c)(1); (D.E. 1, Compl., at ¶ 5).

[28] 28 U.S.C. § 1391(c)(2).

[29] *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

The Court finds that it cannot exercise specific jurisdiction over Kris-Way and Dunkin' Donuts Northeast either. To establish specific jurisdiction, (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of the contacts with the forum; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.[30] All three elements must be met to establish specific jurisdiction.[31] Purposeful availment requires a "deliberate targeting of the forum"[32] and "a single act may satisfy the minimum contacts test if it creates a substantial connection with the forum." [33] However, Ms. Yerramsetty has not alleged that Kris-Way and Dunkin' Donuts Northeast engaged in any activity in New Jersey or purposefully availed themselves of activities that created substantial connections with New Jersey. Furthermore, Kris-Way and Dunkin' Donuts Northeast have not engaged in any business activity in New Jersey and they do not own, lease, maintain or operate any properties or facilities in New Jersey.[34] Even if it has purposefully directed its activities, this litigation arose out of events that occurred in Maine and not out of any events connected with contacts in New Jersey. Because all three elements must be met, the Court cannot exercise specific jurisdiction over Kris-Way and Dunkin' Donuts Northeast.

---

[30] *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

[31] *Id.*

[32] *Id.*

[33] *Al-Ghena International Corp. v. Radwan*, 957 F. Supp. 2d 511, 528 (D.N.J. 2013).

[34] (D.E. 11, Ex. B, Keefer's Cert., at ¶ 4; D.E. 11, Ex. C, Ditmars' Cert. at ¶ 4).

Taken together, because the Court does not have personal jurisdiction over Kris-Way and Dunkin' Donuts Northeast for venue purposes, none of the Defendants are deemed to "reside" in the District of New Jersey and venue is not proper under Section 1391(b)(1).[35]

### B. Venue under Section 1391(b)(2)

The Court finds that venue is improper in the District of New Jersey pursuant to Section 1391(b)(2) because a "substantial part of the events . . . giving rise to the claim" did not occur in New Jersey.[36] The accident giving rise to this claim occurred entirely in Maine[37] and the statutory language "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial."[38]

### C. Venue under Section 1391(b)(3)

Venue is improper in the District of New Jersey because Section 1391(b)(3) does not apply to this case. Section 1391(b)(3) applies when "there is no district in which an action may otherwise be brought as provided" in Section 1391.[39] Here, an alternate venue exists because Ms. Yerramsetty could have brought this action pursuant to Section 1391(b)(2) in the District of Maine since the event giving rise to the claim occurred entirely in Maine.[40]

---

[35] 28 U.S.C. § 1391(b)(1).

[36] 28 U.S.C. § 1391(b)(2).

[37] (D.E. 1, Compl., at ¶ 7).

[38] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (internal quotation marks omitted).

[39] 28 U.S.C. § 1391(b)(3).

[40] *See* 28 U.S.C. § 1391(b)(2).

### D. Transfer of Venue to District of Maine

Having found that the venue is improper in the District of New Jersey, the Court must decide whether to dismiss or transfer the case.[41] The Court must assess whether (1) the action "could have been brought" to the District of Maine; and (2) whether it is "in the interest of justice" to transfer the case to the District of Maine rather than dismiss it for improper venue. First, the Court finds that the action "could have been brought" in the District of Maine because the accident giving rise to this claim occurred entirely in Maine.[42] Second, the Court finds that it is in the interest of justice to transfer the case to the District of Maine because Congress enacted Section 1406(a) to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess as to the facts underlying the choice of venue."[43] The statute aims "to save the parties' time and resources."[44] Furthermore, transfer is appropriate because all the Defendants will likely be subject to personal jurisdiction in Maine since Kris-Way is a Maine corporation with its principal place of business in Maine,[45] Dunkin' Donuts Northeast operates business in Maine,[46] and Mr. Lillard is a Maine citizen.[47]

---

[41] 28 U.S.C. § 1406(a).

[42] *Id.*

[43] *Eviener v. Eng*, No. 12-2245, 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (citations omitted).

[44] *Konica Minolta, Inc. v. ICR Company d/b/a iCRco, Inc.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015).

[45] (D.E. 11, Ex. B, Keefer's Cert., at ¶ 3).

[46] (D.E. 11, Ex. C, Ditmars' Cert., at ¶ 3).

[47] (D.E. 1, Compl., at ¶ 5).

## V. CONCLUSION

For the foregoing reasons, the Court concludes that venue is not proper in the District of New Jersey and it is in the interest of justice to transfer this case to the District of Maine. Because the Court concludes that transfer is appropriate, the Court terminates the Motion to dismiss as moot.

An appropriate order follows.

## ORDER

**IT IS** on this Wednesday, October 10, 2018,

1. **ORDERED** that Defendant's motion to transfer is **GRANTED**; and it is further

2. **ORDERED** that the Clerk of the Court shall transfer this action to the District of Maine; and it is further

3. **ORDERED** that Defendant's motion to dismiss, [D.E. 11] is administratively terminated as moot. *See* Fed. R. Civ. P. 83(b) and Local Civ. R. 83.3.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/10/2018 11:41:50 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

9