**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| INDIRA YERRAMSETTY, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | CIVIL NO. 2:18-CV-454-DBH |
| | ) | |
| DUNKIN' DONUTS NORTHEAST, INC., ET AL., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS[1] | ) | |

**DECISION AND ORDER ON PLAINTIFF'S MOTION TO CHANGE VENUE
AND MOTION TO DISMISS**

The question here is whether I should grant the plaintiff's motion to transfer venue out of this forum after the defendants previously won a motion to transfer venue into this forum. I conclude that the answer is no.

This case arises out of a 2010 highway accident on interstate I-95 near Saco, Maine. According to the Verified Complaint, a leased truck driven by an employee of the defendant Dunkin' Donuts Northeast Distribution Center, Inc.'s corporate predecessor ("Dunkin' Donuts") rear-ended the plaintiff's car and caused her severe injuries. (ECF No. 32-2).

The plaintiff, who lives in New Jersey, recently consulted (through her parents) her current New Jersey lawyer who also is licensed in New York. He

---

[1] A Magistrate Judge in the District of New Jersey issued an April 20, 2018, order that the parties "meet and confer regarding changing the caption of the case to reflect the correct name for Defendant Dunkin' Donuts Northeast Distribution Center, Inc., and file a Consent Order amending the caption if appropriate." (ECF No. 10). The record does not disclose that this ever took place, nor is there a consent order on the docket.

says that New Jersey and New York have personal injury statutes of limitations of 2 years and 3 years respectively, and that he was pleasantly surprised to learn that Maine has a 6-year statute of limitations that can be extended in certain cases of disability.  Verified Compl. ¶¶ 31-32; Certification of Robert A. Skoblar, Esq. ¶ 8, attached to Pl.'s Mot. (ECF No. 32-2 ).

In 2017, the plaintiff filed this lawsuit in federal court in New Jersey against Dunkin' Donuts' corporate predecessor, asserting that it was a Delaware corporation with a principal place of business in Massachusetts; against the truck driver, Dennis L. Lillard, who lived in Maine; and against the corporate owner of the truck, Kris Way Truck Leasing, Inc., incorporated and headquartered in Maine.  Verified Compl. ¶¶ 3-5.  Dunkin' Donuts and Kris Way[2] moved to dismiss the case for lack of improper venue and lack of personal jurisdiction or, alternatively, to transfer venue to the District of Maine.  Defs.' Br. at 3 (ECF No. 11-1)[3]  The plaintiff opposed the motion and argued: "In the alternative, and for a host of reasons to be set forth, *if venue is to be transferred it should be to a Federal District Court in New York and not Maine*."  Pl.'s Br. in Opp'n to First Mot. to Dismiss at 1 (ECF No. 15) (emphasis added).  The plaintiff also stated: "If the court transfers venue to New York, then the plaintiff would be willing to voluntarily dismiss her case against Kris Way and Mr. Lillard, given Dunkin' Donuts N.E.['s] concession that it had full control over the subject

---

[2] The parties have been unable to locate the truck driver.  See, e.g., Aff. of Proof of Service at 1 (ECF No. 7).

[3] An earlier lawsuit was filed in the Superior Court in New Jersey in 2012 but was dismissed without prejudice in 2013 for lack of jurisdiction, an order later amended to be with prejudice. Defs.' Opp'n at 2 (ECF No. 33); D. Scott Conchar Certification of Counsel ¶¶ 9, 11 (ECF No. 11-2).  The defendants have not made any argument, including in their Answer's affirmative defenses, that the state court dismissal has any effect in this court.  (ECF No. 20).

vehicle and that Mr. Lillard was its employee at the time of the accident." Id. at

6. Nevertheless, the New Jersey federal court transferred the case to the District

of Maine, not to any District in New York.

But the plaintiff did not give up on her quest for a New York forum. Now

in this District, she has dismissed the truck driver, moved to dismiss the Maine

corporate defendant Kris Way, and moved to transfer venue for her remaining

claim against Dunkin' Donuts to the Southern or Eastern District of New York

("SDNY" and "EDNY," respectively) under 28 U.S.C. § 1404(a). Pl.'s Mot. at 1, 3.

Although the remaining two defendants are agreeable to dismissal of the Maine

corporate defendant, Kris Way, they oppose the motion to transfer. Defs.' Opp'n

at 1-2. I **GRANT WITH PREJUDICE** the motion to dismiss the defendant Kris Way.

### ANALYSIS OF THE MOTION TO TRANSFER

The relevant venue transfer statute, 28 U.S.C. § 1404(a), provides:

> For the convenience of parties and witnesses, in the interest
> of justice, a district court may transfer any civil action to any
> other district or division where it might have been brought or
> to any district or division to which all parties have consented.

Before Congress amended the statute to add the last phrase regarding all parties'

consent (not applicable here), the United States Supreme Court ruled that a

court must assess personal jurisdiction and venue in the proposed transferee

district ("where it might have been brought") *as of the time the suit was brought.*

Hoffman v. Blaski, 363 U.S. 335, 343 (1960). Since then, there has been some

debate among lower courts whether that assessment must focus on all the

defendants originally named, or only on those defendants remaining in the

lawsuit when the motion to transfer is made.

3

In this case, if I assess venue as of the time the suit was filed against all three defendants in the District of New Jersey, then transfer is inappropriate, because the SDNY and EDNY venues were improper as to the Maine driver and the Maine corporate truck owner when the plaintiff filed her federal lawsuit in 2017. But if I assess venue as of now, with the truck driver dismissed, and if I grant the motion to dismiss the corporate truck owner, then federal courts in New York are appropriate for the remaining claim against Dunkin' Donuts.[4] The parties have not cited any First Circuit cases on this issue. Both the Second and Third Circuits allow the assessment to ignore defendants who are no longer parties or who have been severed from the action being transferred. See, e.g., Wyndham Assoc. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968); In re Fine Paper Antitrust Litig., 685 F.2d 810, 819 (3rd Cir. 1982).[5] I do not determine how the First Circuit would rule, because I conclude for other reasons that the requested transfer is inappropriate.

On the other section 1404(a) factors, the plaintiff asserts that transfer is convenient to all her witnesses because they (damage witnesses) are in New Jersey, close to the two New York districts to which she seeks transfer. Pl.'s Mot. at 4. Dunkin' Donuts does not contest her assertion or assert that it has witnesses in or close to Maine.

---

[4] The plaintiff asserts that the relevant Dunkin' Donuts entity did business in upstate New York (and that it is licensed and registered to do business there), and Dunkin' Donuts does not contest that assertion. See Pl.'s Mot. at 3 (ECF No. 32); Defs.' Opp'n at 4 (ECF No. 33).
[5] Some commentators note this development but seem not to comment on it positively or negatively. Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, Federal Practice and Procedure, 4th ed. § 3845 at 86; Wagstaffe Prac. Guide: Fed. Civil Proc. Before Trial § 12-VII (2018).

The plaintiff also asserts that the two New York districts are convenient to her as a party and her lawyer, because both she and her lawyer are located in New Jersey and because her lawyer is licensed to and accustomed to practicing in the New York districts. Pl.'s Reply at 2 (ECF No. 34). Dunkin' Donuts does not contest that assertion or assert that Maine is more convenient to it.

So those two section 1404(a) factors support a transfer.

But the "interest of justice" factor, a "very important" factor,[6] counsels strongly against transfer. First, the plaintiff advanced her New York transfer argument in the District of New Jersey when opposing the defendants' transfer motion to transfer the case to Maine, and that court implicitly rejected it. It is contrary to the interest of judicial economy to permit a second bite at the apple, causing the court and the lawyers to duplicate time and effort disputing the same issue twice.[7]

Second, Maine has a substantial interest in a lawsuit involving standards for driving on Maine roads, and Maine substantive law obviously controls liability. The plaintiff asserts that Dunkin' Donuts cannot successfully contest liability given the police report. But if she is correct, Maine still has an interest in the extent of the remedy for accidents on its highways. And whether she is correct or incorrect on the defendant's liability, Maine law also controls the

---

[6] Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, Federal Practice and Procedure, 4th ed. § 3854 at 313.

[7] The defendant refers to the plaintiff's previous loss on this issue in the District of New Jersey. Defs.' Opp'n at 2. But neither party has addressed the law of the case doctrine. The situation here seems very close to the "second branch" of that doctrine, in which a legal decision made at one stage "binds . . . a successor trial judge who steps in to complete a pending case." United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004). This second branch is "prudential" and "flexible," id., but avoiding it requires a "steep uphill climb," id. at 8.

statute of limitations issue and its tolling. 14 M.R.S.A. §§ 752, 853.[8]  It is true that under choice of law principles, New York can apply Maine law, but this District has greater familiarity with Maine law,[9] and New York has no interest in this case.

Third, this District has a docket that is far less busy than that of EDNY or SDNY.[10]

Ultimately, the decision to transfer is a matter of judicial discretion, Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 12 (1st Cir. 2009), and I conclude that under the circumstances of this case the plaintiff's motion to transfer should be **DENIED**.

**SO ORDERED.**

**DATED THIS 29TH DAY OF JANUARY, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[8] Section 752 provides that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards . . . except as otherwise specially provided."  Section 853 provides for tolling in claims involving minors, the mentally ill, and others.

[9] See Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, Federal Practice and Procedure, 4th ed. § 3854 at 353-59 (describing cases treating this as a factor).

[10] See Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, Federal Practice and Procedure, 4th ed. § 3854 at 350-52 (describing cases treating this as a factor).