## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **INDIRA YERRAMSETTY,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 2:18-CV-454-DBH** |
| | ) | |
| **DUNKIN' DONUTS NORTHEAST, INC.,** | ) | |
| | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is a lawsuit seeking damages for personal injuries resulting from a 2010 truck/automobile collision in Maine. The defendant has moved for summary judgment based upon Maine's 6-year statute of limitations. After oral argument on September 15, 2020, I **DENY** the motion, concluding that there is a genuine dispute as to a material fact that affects the running of the statute.

## FACTS

On October 28, 2010, a truck operated by the defendant Dunkin' Donuts[1] collided with the car the plaintiff Indira Yerramsetty was driving near Saco, Maine, injuring her. She filed this lawsuit on August 2, 2017, almost 7 years later.[2]

---

[1] Dunkin' Donuts Northeast Distribution Center, Inc. ("Dunkin' Donuts").
[2] She filed it in the District of New Jersey, but that court transferred it here.

### ANALYSIS

The parties agree that Maine statute of limitations law applies. <u>See</u> Def.'s Mot. for Summ. J. at 6-7 (ECF No. 78); Pl.'s Mem. at 5-9 (ECF No. 81). Maine has a 6-year statute of limitations for tort cases such as this. 14 M.R.S.A. § 752. It is an affirmative defense. Me. R. Civ. P. 8(c). Maine also has a tolling provision that, if a plaintiff "is . . . mentally ill . . . *when the cause of action accrues*, the action may be brought within the times limited herein after the disability is removed." 14 M.R.S.A. § 853 (emphasis added). Yerramsetty argues that she qualifies under this provision; Dunkin' Donuts disagrees.

There seems to be no disagreement that "[t]he question presented is whether Indira [Yerramsetty] has produced sufficient evidence of mental illness *at the time the cause of action accrued* to avail herself of Maine's equitable tolling statute." Pl's Mem. at 9 (emphasis added) (ECF No. 81).[3] That is what Maine law requires. <u>See</u> <u>Dasha v. Me. Med. Ctr</u>., 665 A.2d 993, 994 (Me. 1995) ("The parties also agree that Dasha does not come within the provisions of 14 M.R.S.A. § 853 (Supp. 1994), the tolling statute, because he was not mentally ill *when* the cause of action accrued."); <u>McCutchen v. Currier</u>, 94 Me. 362, 47 A. 923 (1900) ("Relief is afforded . . . only when the disability existed when the cause of action

---

[3] Maine seems to shift the burden of proof to the plaintiff for some tolling provisions and not for others. <u>Compare</u> <u>Angell v. Hallee</u>, 2012 ME 10, ¶¶ 10-11, 36 A.3d 922 (burden of proof remains with the defendant on tolling based on 14 M.R.S.A. § 866 for defendant's absence from Maine), <u>and</u> <u>Patten v. Milam</u>, 480 A.2d 774, 776 (Me. 1984) (same), <u>with</u> <u>Harkness v. Fitzgerald</u>, 1997 ME 207, ¶ 6, 701 A.2d 370 (the plaintiff must establish fraudulent concealment for tolling based on 14 M.R.S.A. § 859). The Law Court has not addressed the burden issue for mental illness, and it does not affect the outcome. Whether it will be relevant at trial is a different matter.

accrued."); <u>Douglas v. York County</u>, 433 F.3d 143, 152 (1st Cir. 2005) (interpreting this timing to be a requirement).[4]

According to the Law Court:

> Pursuant to the tolling statute mental illness refers to "*an overall inability* to function in society that prevents plaintiffs from protecting their legal rights."  *Whether a person is mentally ill within the meaning of 14 M.R.S.A. § 853 is a question of fact.*

<u>Bowden v. Grindle</u>, 675 A.2d 968, 971 (Me. 1996) (citation omitted; second emphasis added).

On this issue, Dunkin' Donuts argues that I should ignore certain portions of Yerramsetty's affidavit concerning her condition prior to and at the time of the accident because they contradict her previous deposition.  Reply at 2-3 & n.2 (ECF No. 85).  The First Circuit has established the standard for this issue: "an affidavit that contradicts clear answers to unambiguous questions in an earlier deposition" should not be considered, but where "the deposition is, at best, inconclusive," it does not preclude "[a] subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition."  <u>Gillen v. Fallon Ambulance Serv., Inc.</u>, 283 F.3d 11, 26 (1st Cir. 2002).

The challenged portions of Yerramsetty's Affidavit fit the latter test.  For example, her Affidavit statement ¶ 13 (ECF No. 81-1) that the day before the

---

[4] I reject Yerramsetty's argument that the Maine Law Court's insistence that the mental illness must exist at the time the cause of action accrues (here, the date of the accident) somehow violates federal and state anti-discrimination law.  The argument seems to be that "a mentally sound person would have six full years to commence a personal injury action."  Pl's Mem. at 6. Because Yerramsetty can show she became mentally incapacitated by November 16, 2015, <u>id.</u>, she "would have had only five years and one month to have filed her case compared to a mentally competent person's ability to file suit within six years."  <u>Id</u>.  Yerramsetty cites no authority for her argument that Maine's tolling statute violates the 14th Amendment, the ADA, and the MHRA.

accident "I left my post an hour early without notice and went home" is not necessarily inconsistent with her deposition testimony that a resignation letter she placed underneath the door was a notice of her resignation, Pl.'s Dep. at 30 (ECF No. 81-10).  Leaving early and resigning the position can be two different things.  Likewise, her response to the deposition question: "Did you ever have any counseling or treatment for mental health at any time before October of 2010?" was that "I was treated for a little bit of mental health depression by Dr. Morandi."  She then went on to describe her medications, some episodes of paranoia, and emotional trauma from a divorce.  Pl.'s Dep. at 57-58.  Her Affidavit ¶ 7 describes this as "a deep depression" and describes the same doctor and medications.  Under the proper circumstances, the defendant may be able to use some of Yerramsetty's statements as impeachment at trial, but the difference in her choice of adjectives describing her depression is not sufficient for me to exclude the Affidavit statements from consideration on the motion.[5]

On the evidence presented on the motion, viewed in the light most favorable to the plaintiff, the nonmoving party, see Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004), I find that Yerramsetty's condition at the time of the accident—and thus whether she meets the Bowden v. Grindle standard for tolling (mental illness is a question of fact)—presents a genuine dispute as to a material fact.  See Fed. R. Civ. P. 56(a).

---

[5] Dunkin' Donuts also argues that Yerramsetty's statements regarding her addiction to Vicodin and Valium after the accident are contradictory.  Reply at 3 n.2.  In her deposition, Yerramsetty said it was a "possibility" but that she could not "say for sure" whether she was addicted, Pl.'s Dep. at 43; her Affidavit ¶ 27 states that she "was very much addicted to the opioids and the Valium."  Even if I exclude the Affidavit statement about her addiction, it does not affect my ruling on this motion.

Accordingly, the defendant's motion for summary judgment is **DENIED**.

**SO ORDERED.**

**DATED THIS 17TH DAY OF SEPTEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**