# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| INDIRA YERRAMSETTY,            )<br>                               )<br>          PLAINTIFF   )<br>                               )<br>v.                             )          CIVIL NO. 2:18-CV-454-DBH<br>                               )<br>DUNKIN' DONUTS NORTHEAST,   )<br>INC.,                          )<br>                               )<br>          DEFENDANT  )  | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

The defendant has asked me under Local Rule 7(f) to reconsider my Order denying its motion for summary judgment on a statute of limitations defense. For the most part it is asking me to revisit my earlier ruling and I see no reason to do so.

But one contention does deserve attention. The defendant says that "the Court did not address when Plaintiff's disability was removed and the tolling period ended." Def.'s Mot. for Recons. at 1 (ECF No. 92). That statement is correct; I did not address it. That is because I did not understand it to be an issue. Instead, I stated: "There seems to be no disagreement that '[t]he question presented is whether Indira [Yerramsetty] has produced sufficient evidence of mental illness *at the time the cause of action accrued* to avail herself of Maine's equitable tolling statute.'" Dec. & Order at 2 (ECF No. 91) (emphasis in original) (quoting Pl.'s Mem.).

Now the defendant points me to pages 14-15 of its original Motion for Summary Judgment where it briefly said that, even if the plaintiff had a disability, it was removed by August 2, 2011 (6 years before the complaint was filed). Def.'s Mot. for Summ J. at 14-15 (ECF No. 78). That text appears under the argument heading: "**(3) Plaintiff Did Not Suffer From 'Mental Illness' At The Time Her Cause Of Action Accrued And Her Claim Was Not Tolled Under Section 853**." Def.'s Mot. for Summ. J. at 11. Because that argument section of the motion was focused on the date of the accident ("the time her cause of action accrued"), I did not understand there was a separate argument that any mental illness that then existed had later been removed.

Having now considered the argument, however, I conclude that there is a factual issue for the jury as to when or whether any qualifying mental illness it might find was removed.

Therefore the motion for reconsideration is **GRANTED IN PART**, and the motion for summary judgment is again **DENIED**.

**SO ORDERED.**

**DATED THIS 4TH DAY OF NOVEMBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2