# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| INDIRA YERRAMSETTY, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:18-CV-454-DBH |
| | ) | |
| DUNKIN' DONUTS NORTHEAST, INC., | ) | |
| | ) | |
| DEFENDANT | ) | |

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This is a lawsuit for damages arising out of a tractor-trailer/car collision on the Maine Turnpike.  I apply Maine law.  The defendant was responsible for operation of the tractor-trailer; the plaintiff operated the car.  I previously denied the defendant's motion for summary judgment based on the statute of limitations because I found a genuine dispute as to the material fact whether the plaintiff was "mentally ill" at the time the cause of action accrued, a circumstance that would toll the statute.  Decision & Order on Def.'s Mot. for Summ. J. (ECF No. 91).  Now the plaintiff has moved for partial summary judgment on liability arguing that on the undisputed facts the defendant must be liable.  Pl.'s Mot. for Summ. J. on Liability (ECF No. 93).  I **DENY** the motion.

First, I am doubtful of the defendant's argument that partial summary judgment is impossible because the statute of limitations issue is still open.  See Def.'s Obj. at 3-4 (ECF No. 98).  Under Fed. R. Civ. P. 56, partial summary

judgment may be granted to resolve a claim or defense, or part of a claim or defense. See Fed. R. Civ. P. 56(a), (g). Thus, it should be possible to determine that a defendant is liable *unless* it succeeds on its statute of limitations defense.

But the plaintiff cannot succeed on her argument for liability based on her statement of undisputed material facts here. The plaintiff's statement of undisputed facts shows that the plaintiff was travelling on the Maine Turnpike at a specified date and time; that traffic conditions were very light; that she was driving within the speed limit in the right-hand lane; that the defendant's tractor-trailer hit the rear of her car with consequent injury and damages; and that her car was totaled and the tractor's radiator was damaged. The plaintiff did not see the defendant's vehicle before the collision, and neither party has presented a deposition or affidavit of the tractor-trailer's driver (he no longer works for the defendant).

Essentially the plaintiff would have me rule as a matter of law that an unexplained rear-end collision automatically results in liability for the operator of the vehicle following. She argues first that 29-A M.R.S.A. § 2118(2)(B) applies, which provides that in the case of a reportable accident (this accident was reportable) resulting in property damage, if "the person was engaged in the operation of a motor vehicle while distracted," then he has committed "the traffic infraction of failure to maintain control of a motor vehicle." But there is no evidence on this motion that the tractor-trailer's driver was distracted. The plaintiff also refers to section 2066(1) which provides: "An operator of a vehicle may not follow another vehicle more closely than is reasonable and prudent,

having due regard for the speed of the vehicles, the traffic and the condition of the way." She says that given her evidence that she was operating within the speed limit, was struck from behind, and the resulting property damage to the tractor, "the inescapable inference is that [the tractor-trailer driver] was driving considerably faster than the plaintiff." Pl.'s Mot. at 9. That inference[1] and its vagueness are too little to support summary judgment on liability.

In Sheltra v. Rochefort, 667 A.2d 868 (Me. 1995), Maine's Law Court disapproved the following ruling that a Maine trial court made: "The striking of the rear of the plaintiff's automobile by the defendant is unexplained. There was no evidence of any action by the plaintiff which contributed in any way to the collision. The failure of the defendant to avoid colliding with the plaintiff's automobile was negligence as a matter of law." Id. at 870. The Law Court held instead: "This analysis inappropriately shifted the burden of proof to [the defendant]. The burden of proof in a negligence action is on the plaintiff. The plaintiff must establish that the defendant had a duty to conform to a standard of care and that the breach of that duty proximately caused an injury to the plaintiff." Id.[2] The same analysis applies here. The unexplained collision does not entitle the plaintiff to summary judgment on liability.

---

[1] I note that inferences are generally for the factfinder, not for a moving party on summary judgment.

[2] See also Lewis v. Knowlton, 1997 ME 12, ¶¶ 9-10, 688 A.2d 912 (citations omitted):

> The [trial] court ruled that defendant was negligent as a matter of law because he was "inattentive," violating the rule of the road that "a driver has a duty to see that which is 'open and apparent' to a prudent person." The cited rule, however, is a rule of ordinary care: "failing to see what, in the *exercise of ordinary care*, he should have seen," may constitute negligence as a matter of law. It is not a rule of automatic liability or negligence *per se*. The burden remains with plaintiff to

The plaintiff's motion for partial summary judgment is **DENIED**.[3]

**SO ORDERED.**

**DATED THIS 16TH DAY OF DECEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

    prove that defendant was not exercising ordinary care when he failed to see, or to
respond in time to, that which was open and apparent.
    Whether a defendant has exercised due care is ordinarily a question of fact for the
jury.  On this record, the jury could rationally be unpersuaded by a preponderance
of the evidence that defendant failed to exercise ordinary care.  The court erred in
ruling that defendant was negligent as a matter of law.

[3] As the plaintiff requests, I do not consider the statement in the medical record from Clifton Pain
& Rehab Center, LLC, page 22.